Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Emily Jeffers (CA Bar No. 274222)
Email: ejeffers@biologicaldiversity.org
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs Center for Biological Diversity and Wishtoyo Foundation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF OCEAN ENERGY MANAGEMENT, *et al*. <br><br> Defendants. | Case No. 2:16-cv-08418-PSG-FFM <br><br> **DECLARATION OF MIYOKO SAKASHITA IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: Aug. 13, 2018 <br> Hearing Time: 1:30pm <br> Courtroom: 6A <br> Hon. Philip S. Gutierrez |

Declaration of Miyoko Sakashita,
Case No. 2:16-cv-08418-PSG-FFM           1

# DECLARATION OF MIYOKO SAKASHITA

I, Miyoko Sakashita, declare as follows:

1. I am the director of the Center for Biological Diversity's Oceans Program. I have personal knowledge of the facts and statements contained herein and, if called as a witness, could and would competently testify to them.

2. The Center for Biological Diversity (the "Center") is a non-profit corporation with offices in Oakland, and elsewhere in California and around the country. The Center works to protect wild places and their inhabitants. The Center believes that the health and vigor of human societies and the integrity and wildness of the natural environment are closely linked. Combining conservation biology with litigation, policy advocacy, and strategic vision, the Center is working to secure a future for animals and plants hovering on the brink of extinction, for the wilderness they need to survive, and by extension, for the physical health and spiritual welfare of generations to come. In my role as director of the Center's Oceans Program, I oversee all aspects of the Center's work relating to ocean conservation, including offshore energy development and ecosystem impacts.

3. The Center also works in particular to protect imperiled species and their habitat impacted by offshore energy development, to protect public health, and to attain clean water, a safe climate, and a healthy web of life. One of the Ocean Program's top priorities is the full implementation of existing environmental laws to reduce impacts to endangered species and fragile ecosystems. We also aim to address climate change and help spur the transition from a fossil fuel dependent society to a clean energy future.

4. The Center works on behalf of its members, who rely upon the organization to advocate for their interests in front of state, local and federal entities, including the Bureau of Ocean Energy Management ("BOEM"), Bureau of Safety and Environmental

1  Enforcement ("BSEE"), and the courts. The Center has approximately 63,000 members
2  nationwide, including members in the areas of California impacted by the approval of
3  offshore fracking challenged in this case. I am also a member of the Center.

4      5.    This case, which seeks to compel BOEM and BSEE to comply with their
5  mandates under various environmental laws and reduce the impacts of their actions on
6  sensitive species, air and water quality, and other environmental resources in California,
7  falls clearly within our organizational mission.

8      6.    This declaration is made in support of Plaintiffs' Motion for Summary
9  Judgment in this case.  Plaintiffs challenge BOEM and BSEE and other Defendants'
10 failures to comply with the National Environmental Policy Act ("NEPA") and
11 Endangered Species Act ("ESA") in authorizing the unrestricted use of offshore fracking
12 and acidizing at all active oil and gas leases on the Pacific OCS.  The Center has deep
13 and abiding interests in the species, habitats, air and water quality and other resources
14 that are harmed by offshore fracking and acidizing and by the Defendants' failure to
15 comply with the law in approving those practices.

16     7.    Achieving our mission and protecting the interests of our members depends
17 in large part on proper compliance with the environmental laws that are designed to
18 protect these species.  NEPA is a key law for improving environmental decision making
19 to reduce air and water pollution, harm to species and their habitats, and other
20 environmental impacts.  Because NEPA is designed to improve environmental
21 decisionmaking through the provision of more accurate and complete information to both
22 decision makers and the public, NEPA cannot fulfill its function and protect our interests
23 unless lead agencies prepare proper and adequate environmental analyses.  Defendants'
24 failure to properly analyze the impacts of its approval of offshore fracking and acidizing

on air and water quality, imperiled species, and the other environmental resources of the project area greatly impairs our interests in protecting them.

9.  The Center has an ongoing interest in protecting the imperiled species impacted by Defendants' decision to issue allow offshore fracking and acidizing before consulting with the expert wildlife agencies as mandated by Section 7 of the ESA. For example: the Center has worked to secure protections for green sturgeon, scalloped hammerhead shark, tidewater goby, south-central coast steelhead DPS, sea turtles, humpback whales, black abalone and snowy plover. I personally work on many campaigns for the Center seeking protection for species affected by offshore oil development, and I rely upon the Center to represent my interests in protecting these endangered species and their habitat.

10.  I also have personal interests in the areas and wildlife that are affected by the Defendants' actions approving offshore fracking. I visit coastal areas that are adjacent to the offshore drilling platforms where fracking is allowed, including the shorelines and waters off Santa Barbara, Goleta, Ventura, and Seal Beach. I enjoy wildlife viewing, photography, surfing and swimming in the ocean. For example, in April 2017, I took my family to Seal Beach; where we wadded in the ocean, took photos, and enjoyed looking for marine life and sea birds. It is an area that I visit periodically for surfing and visiting the beach with friends and family. In October of 2017, I also visited the beach in Ventura, California to swim in the ocean and enjoy coastal wildlife. I enjoy recreating in the waters and at the beach in Southern California. I am concerned about the water quality and the potential impacts to marine life from offshore fracking and its associated pollution and risks. My enjoyment of the areas is already diminished by the presence of the oil platforms and knowing that oil companies are allowed to use hydraulic fracturing and acidization at those platforms. I am concerned about the water pollution, increased

risk of oil or chemical spills, impacts to wildlife and their habitat, and the extended life of the offshore drilling platforms brought about by well stimulation. I am also frustrated that the federal agencies charged with conducting an environmental review of well stimulation activities have not prepared a full and comprehensive environmental analysis or endangered species consultation.

11. The Center and our members also have important procedural and informational interests advanced by NEPA and the ESA. Our interests in attaining full, clear, and accurate information regarding the impacts to air, water, habitat, species, and other resources are injured by the Defendants' production of and reliance on flawed environmental review documents. We are deprived of our right to participate fully and meaningfully in the environmental review and decision making process when BOEM and BSEE fail to acknowledge and disclose the full environmental impact of their decision to authorize offshore fracking and acidizing on the Pacific Outer Continental Shelf.

12. The interests of the Center and our members are thus directly harmed by the Defendant's failure to comply with the laws at issue in this case. I believe that if the Defendants' had followed the laws correctly, the agencies would have more fully disclosed and analyzed the impacts to air quality, water quality, sensitive species, and other resources and would have either included measures to reduce these impacts in approving offshore fracking and acidizing, or would have decided not to approve the practices at all. I believe that a favorable decision finding that Defendants failed to comply with the laws at issue, vacating Defendants' decision, and requiring the agencies to conduct additional environmental review before moving forward with any approval of well stimulation treatments would redress the injuries I have described.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2018, at Oakland, CA.

_____
Miyoko Sakashita

Declaration of Miyoko Sakashita,
Case No. 2:16-cv-08418-PSG-FFM            6