UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8418 PSG (FFMx) | Date | April 23, 2019 |
|---|---|---|---|
| Title | Environmental Defense Center, et al. v. Bureau of Ocean Energy Management, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING DCOR, LLC's motion for reconsideration

Before the Court is Defendant-Intervenor DCOR, LLC's ("DCOR") motion for partial reconsideration of the permanent injunction entered in this case. *See* Dkt. # 133 ("*Mot.*"). Plaintiffs Environmental Defense Center ("EDC"), Center for Biological Diversity ("CBD"), and the State of California ("California") have opposed this motion. *See* Dkts. # 143 ("*Cal. Opp.*"), 144 ("*EDC Opp.*"), 145 ("*CBD Opp.*"). The Federal Defendants ("the Government") and Defendant-Intervenors Exxon Mobil Corporation and American Petroleum Institute have not taken a position on this motion, though the Government has filed a brief statement providing additional factual information relevant to DCOR's arguments. *See* Dkt. # 142 ("*Gov't Br.*"). DCOR has filed a reply. *See* Dkt. # 151 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I.    Background

In this case, Plaintiffs brought claims under the Administrative Procedure Act ("APA"), alleging that the Government violated the National Environmental Policy Act ("NEPA"), Endangered Species Act ("ESA"), and Coastal Zone Management Act ("CZMA"), when it decided to move forward with allowing well stimulation treatments ("WSTs")—more commonly known as "fracking" or "acidizing"—on the Pacific Outer Continental Shelf off the coast of California. *See Envtl. Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, No. CV 16-8418 PSG (FFMx), 2018 WL 5919096, at *1–3 (C.D. Cal. Nov. 9, 2019) ("*EDC*"). Specifically, Plaintiffs argued that the Government violated NEPA when it prepared an environmental assessment that found that the proposed WST use would have no significant impact on the environment. *See id.*, at *2. They also argued that the Government violated the ESA by failing to properly consult with the Fish and Wildlife Service ("FWS") and National Marine Fisheries Service ("NMFS")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8418 PSG (FFMx) | Date | April 23, 2019 |
|---|---|---|---|
| Title | Environmental Defense Center, et al. v. Bureau of Ocean Energy Management, et al. | | |

about whether the use of WSTs would jeopardize listed species. *See id.* And they contended that it violated the CZMA by failing to determine whether the proposed actions were consistent with California's coastal management program, as required by that statute. *See id.* The Court granted DCOR's motion to intervene to defend against Plaintiffs' claims.[1] *See* Dkt. # 71.

The parties cross-moved for summary judgment, and the Court granted both sides' motions in part and denied them in part. *See generally EDC*, 2018 WL 5919096. It concluded that the Government did not violate NEPA in reaching its conclusion that the proposed use of WSTs was not "expected to result in adverse impacts on the environment." *See id.*, at *7–15. However, the Court concluded that the Government had violated the ESA by failing to complete consultations with FWS before moving forward with allowing the use of WSTs, though it found that this violation could still be cured if consultations were completed before any WST permits were issued.[2] *Id.*, at *15–22. And it further concluded that the Government violated the CZMA because it had failed to determine whether the proposed use of WSTs was consistent with California's coastal zone management programs. *See id.*, at *23–27.

The Court concluded that an injunction prohibiting the Government from issuing WST permits until it completed consultations with FWS and the CZMA process was an appropriate remedy for these violations. *See id.*, at *21–22, 26–27. It reached this conclusion by applying the "traditional four-factor test" set forth by the Supreme Court in *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010), and several other cases: (1) whether Plaintiffs had suffered an irreparable injury, (2) whether remedies available at law, such as money damages, were inadequate to compensate for that injury, (3) the balance of the hardships, and (4) whether the public interest would be disserved by an injunction. *See EDC*, 2018 WL 5919096, at *22, 26. It found that there was a significant risk of irreparable injury to the environment, particularly to listed species, if WST permits were issued before the ESA and CZMA processes were complete, that money damages could not remedy this injury, and that the balance of the equities and public interest weighed in favor of an injunction. *See id.*, at *21–22, 26–27.

Plaintiffs were clearly seeking injunctive relief, both in their complaints and in their motions for summary judgment. *See, e.g.*, Dkts. # 95 ("*Cal. MSJ*"), 25:15–17 ("The Court

---

[1] The Court also granted motions to intervene filed by Exxon Mobil Corporation and the American Petroleum Institute. *See* Dkt. # 35.

[2] Because the Government had completed consultations with NMFS before any permits were issued, the Court found that Plaintiffs' claims based on NMFS consultations were moot. *EDC*, 2018 WL 5919096, at *21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8418 PSG (FFMx) | Date | April 23, 2019 |
|---|---|---|---|
| Title | Environmental Defense Center, et al. v. Bureau of Ocean Energy Management, et al. | | |

should find defendants in violation of the CZMA and enjoin them from proceeding with the Proposed Action"); # 96 ("*EDC MSJ*"), 25:17–20 ("This Court should . . . prohibit Defendants from issuing any well stimulation permits until they have complied with NEPA and the ESA."). But Defendants, including DCOR, never once argued—in their more than one hundred combined pages of briefing—that an injunction was not an appropriate remedy. Nor did they make any such arguments at the November 5, 2018 hearing on the motions, despite the fact that the Court specifically asked the parties to address whether an injunction would be appropriate. *See Transcript of November 5, 2018 Hearing*, Dkt. # 148 ("*Nov. 5 Tr.*"). Nevertheless, DCOR now argues that the Court erred in issuing the injunction and should modify its order to allow the relevant agency to process two of its WST permit requests, which, if approved, would authorize DCOR to conduct fracking on two wells on Platform Gilda, an offshore oil platform it operates. *See generally Mot.*

II.     Legal Standard

DCOR moves for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b). *See generally Mot.* Absent "highly unusual circumstances," relief under Rule 59(e) is appropriate only where (1) the moving party presents newly discovered evidence to the court, (2) the court committed clear error, or (3) there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Additionally, Rule 60 allows a court to grant relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Further, because DCOR's motion is properly viewed as a motion for reconsideration, it is subject to Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8418 PSG (FFMx) | Date | April 23, 2019 |
|---|---|---|---|
| Title | Environmental Defense Center, et al. v. Bureau of Ocean Energy Management, et al. | | |

L.R. 7-18. Along these lines, courts have held that a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

III.    Discussion

DCOR's motion is procedurally improper. Reconsideration does not give parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001), but that is precisely what DCOR seeks here in arguing for the first time that the Court should not have issued an injunction to remedy the ESA and CZMA violations.

While DCOR complains that Plaintiffs failed to meet their burden of demonstrating that they were entitled to an injunction, *see Mot.* 11:27–12:4, it cannot be disputed that the issue of an injunction was fairly raised in Plaintiffs' complaints and motions for summary judgment, yet neither DCOR nor any of the other Defendants ever previously argued that an injunction would not be an appropriate remedy. This omission is even more glaring in light of the fact that the Court granted DCOR leave to file separate briefs specifically, and only, for the purpose of presenting arguments that were not made by the Government. *See* Dkt. # 71. When the Government chose not to argue that an injunction would not be appropriate, DCOR could have made this argument in its own brief. It did not do so. Later, at the November 5 hearing, the Court asked the parties to discuss the proper remedy for violations of the ESA and CZMA, including what any injunction should look like. *See Nov. 5 Tr.* 6:20–7:6. Counsel for DCOR presented argument at the hearing, *see id.* 23:2–24:15, but addressed only the merits of the NEPA claim and did not discuss the issue of remedies. In short, DCOR had every opportunity to make its argument about the propriety of an injunction *before* the Court issued its ruling on the cross-motions for summary judgment but failed to do so. The Court **DENIES** the motion for reconsideration for this reason alone.

Even if the Court were to reach the merits of DCOR's motion, however, it would find them unconvincing. DCOR's primary argument is that in balancing the equities, the Court failed to account for a purported $27.75 million in projected net revenues that it will lose over the next five years by virtue of not being able to conduct fracking on Platform Gilda, and potentially up to $174 million that it will lose if it is forced to prematurely abandon its operations on Platform Gilda entirely because of its inability to secure WST permits. But the Court finds this argument unavailing for several reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8418 PSG (FFMx) | Date | April 23, 2019 |
|---|---|---|---|
| Title | Environmental Defense Center, et al. v. Bureau of Ocean Energy Management, et al. | | |

First, in the ESA, Congress "afford[ed] endangered species the highest of priorities," which had the effect of largely stripping courts of their ability to balance competing interests in deciding whether to enter an injunction to remedy violations of the statute. *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 195 (1978); *Cottonwood Evntl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1090 (9th Cir. 2015) ("*Hill* held that courts do not have discretion to balance the parties' competing interests in ESA cases . . . ."). This Court held similarly in concluding that the failure to complete ESA consultations with FWS could no longer be cured if the Government made an "irreversible and irretrievable commitment of resources" by issuing WST permits. *See EDC*, 2018 WL 5919096, at *21 (quoting *Nat'l Res. Def. Council v. Houston*, 146 F.3d 118, 128 (9th Cir. 1998)).

Presumably for this reason, DCOR recognizes that the Government must complete the FWS consultations, at least with regard to its two requested permits, and appears to argue primarily that Court erred in enjoining the issuance of WST permits until the *CZMA* consultation process is complete. *See Mot.* 16:26–17:11. But the Court's decision to issue an injunction to cure a CZMA violation is supported by Ninth Circuit precedent. *See California v. Norton*, 311 F.3d 1162, 1169, 1178 (9th Cir. 2002). And in any event, the Court adheres to its previous conclusion that money damages cannot remedy the Government's failure to consult with California, creating an irreparable injury. An injunction to remedy such an injury is, of course, not automatic, as the cases cited by DCOR aptly illustrate. *See e.g.*, *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 315 (1982). But the Court did not merely rubber-stamp Plaintiffs' injunction request. Instead, it weighed the traditional factors and concluded that they pointed in favor of an injunction, putting particular emphasis on the fact that it did not appear that an injunction would "substantially interfere with the course of action that the agencies would otherwise take." *EDC*, 2018 5919096, at *27.

DCOR's claims of harm have not convinced the Court that a different result is necessary. Its projection of tens of millions, if not hundreds of millions, of dollars in losses appears largely speculative. The Court enjoined the issuance of permits only until the ESA and CZMA processes are completed. The oil will still remain in the ground, and therefore it seems likely that the profits DCOR points to will not be lost entirely, but only delayed. DCOR's assertions to the contrary appear to be more of a parade of horribles than an argument grounded in reality. *See Mot.* 6:1–7:4.

More importantly, it is far from clear that any losses DCOR suffers could even be attributed to this Court's injunction. The two permits DCOR wants to move forward with have not been granted in part because DCOR itself has not submitted a supplemental development and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8418 PSG (FFMx) | Date | April 23, 2019 |
|---|---|---|---|
| Title | Environmental Defense Center, et al. v. Bureau of Ocean Energy Management, et al. | | |

production plan ("DPP") for Platform Gilda, as was requested in January 2017 by the Bureau of Ocean Energy Management ("BOEM"). *See generally Gov't Br.* That supplemental DPP would itself have to undergo further analysis under NEPA and would be subject to consultation under the ESA and consistency review under the CZMA. *See id.* While no party has estimated how long this process will take, the fact that DCOR has not yet even submitted the DPP raises the possibility that its proposed operations on Platform Gilda will not be ripe for approval—because of its own inaction—until after this Court's injunction has already expired. DCOR argues only that BOEM's decision to require a supplemental DDP was wrong and is likely to be reversed by either a court or the agency itself. *See Reply* 6:3–7:24. But this is pure speculation and is undercut by the fact that the decision has not yet been reversed in the more than two years since it was issued.

In sum, even if the Court considered DCOR's arguments for harm on the merits, it would still find that the injunction it issued is the appropriate remedy for the Government's violations of the ESA and CZMA. Accordingly, DCOR's motion for reconsideration lacks merit.

III.   Conclusion

For the foregoing reasons, DCOR's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.