Margaret Morgan Hall (Bar No. 293699)
Email: mhall@environmentaldefensecenter.org
Linda Krop (Bar No. 118773)
Email: lkrop@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, California 93101
Telephone: (805) 963-1622
Facsimile: (805) 962-3152

*Attorneys for Plaintiffs Environmental Defense Center and Santa Barbara Channelkeeper*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE CENTER, et al., <br><br> Plaintiffs, <br> v. <br><br> BUREAU OF OCEAN ENERGY MANAGEMENT, et al., <br><br> Defendants, <br> and <br><br> AMERICAN PETROLEUM INSTITUTE, et al., <br><br> Intervenor-Defendants. | Case No: 2:16-cv-08418-PSG-FFM <br><br> **DECLARATION OF MARGARET M. HALL IN SUPPORT OF PLAINTIFFS ENVIRONMENTAL DEFENSE CENTER'S AND SANTA BARBARA CHANNELKEEPER'S OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO STAY, AND MOTION TO SUSPEND FURTHER BRIEFING ON PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES** <br><br> Hon. Philip S. Gutierrez <br> Hearing: None Scheduled |

I, Margaret M. Hall, hereby declare under penalty of law that the following facts are true and correct:

1. I am an attorney admitted to practice before all courts in the State of California and I am lead counsel for Plaintiffs Environmental Defense Center and Santa Barbara Channelkeeper in this matter.

2. I make this declaration in support of Plaintiffs' opposition to Defendants' Motion for Expedited Consideration of Motion to Stay, and Motion to Suspend further Briefing on Plaintiff's [sic] Application for Attorneys' Fees and Expenses.

3. The Court issued its order on cross-motions for summary judgment on November 9, 2018, followed by final judgment on December 13, 2018. Docs. No. 126, 132. American Petroleum Institute ("API") filed a notice of appeal in this case on May 7, 2019, Doc. 155, followed by notices of appeal from Exxon Mobil Corporation, the federal Defendants, and Plaintiffs in June 2019.

4. On November 21, 2018, Plaintiffs and Defendants entered into a stipulation to extend the time for Plaintiffs to file their motion for fees and costs. Doc. No. 128. Accordingly, Defendants have known since then of Plaintiffs' intent to seek recovery of fees and costs. Subsequent stipulations were filed on January 11, 2019 (Doc. No. 134), April 5, 2019 (Doc. No. 146), and May 21, 2019 (Doc. No. 157).

5. I formally contacted counsel for the federal Defendants in December 2018, via a demand letter attempting to settle the issue of attorneys' fees and costs.

6. I and my co-counsel, Linda Krop, participated in multiple written and telephonic exchanges with opposing counsel concerning the issue of fees and costs over the time period between December 2018 and June 2019. Throughout the course of these communications, we made clear our position that Plaintiffs would be entitled to seek and recover fees even assuming one or more defendants chose to appeal the Court's underlying rulings, including by sharing supporting case citations.

7. Counsel for the federal Defendants communicated Defendants' intent to seek a stay of our motion for fees, but it was my understanding that Defendants intended to wait until after we filed a motion for attorneys' fees and costs prior to doing so.

8. As part of our negotiations, Defendants stipulated to extend Plaintiffs' deadline for filing their motion for attorneys' fees and costs until August 5, 2019. Doc. 157. The stipulation acknowledged that "Plaintiffs intend to file motions for attorneys' fees and costs as permitted by the [Endangered Species Act], 16 U.S.C. § 1540(g)(4)." *Id.* ¶ 3. We filed the stipulation on May 21, 2019, at which time the case was already on appeal by API.

9. This Court subsequently approved the parties' Joint Stipulation, extending Plaintiffs' deadline to file a motion for attorneys' fees and costs to August 5, 2019. Doc. 158. That deadline has not yet elapsed.

10. On June 27, 2019, I participated in several phone calls with counsel for Defendants during which they informed us of their intention to file a motion to stay imminently. I informed counsel of the requirements of Local Rule 7-3 to meet and confer seven days prior to any motion being filed and that the motion could not be filed prior to August 1, 2019. My co-counsel Linda Krop joined me for one of these phone calls and asked counsel to wait until after Plaintiffs' filed their Motion for Attorneys' Fees and Costs and instead file a responsive brief and cross-motion for stay, in order to honor the parties' agreed-upon stipulation. We explained that we had spent considerable time and effort drafting this motion and its attachments, and that the motion was nearly complete. Counsel declined, instead indicating they would also file a motion to expedite.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed in Santa Barbara, California on August 2, 2019.

MARGARET M. HALL